IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CARRIE REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-6005-CV-SJ-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for supplemental security income. The Commissioner's decision is affirmed.

I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1981 and has the equivalent of a high school education. R. at 27, 81, 83-84, 113, 115, 264, 296. Plaintiff applied for supplemental security income, alleging disability onset date of December 1, 2009. R. at 14, 264-72. Her application was denied, and she requested a hearing. A hearing was held in July 2012, after which the Administrative Law Judge ("ALJ") issued a decision finding Plaintiff was not disabled. R. at 14, 76-108, 152-64. Plaintiff appealed the decision to the Appeals Council, which remanded the matter. R. at 169-71. Another hearing was held in June 2014. R. at 109-40. The ALJ issued her decision on August 18, 2014, finding Plaintiff was not disabled. R. at 14-28.

In reaching her decision, the ALJ found Plaintiff had the following severe impairments: seizure disorder, bipolar disorder, personality disorder, anxiety, depression, asthma, chronic obstructive pulmonary disease, bronchitis, paranoid schizophrenia, and insomnia. R. at 16. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels. R. at 18. She found Plaintiff can frequently climb ramps and stairs but can never balance or climb ladders, ropes, or scaffolds. *Id.* Due to her seizure disorder and asthma, the ALJ concluded Plaintiff should avoid exposure to extreme heat, operational control of moving machinery, unprotected heights, and hazardous machinery, but she may have occasional exposure to irritants. *Id.* Due to psychological symptoms, the ALJ found Plaintiff is "limited to simple, routine, repetitive tasks in a work environment free of fast-paced production requirements, involving only simple-work related decisions with few, if any, workplace changes." *Id.* Plaintiff should have no interaction with the public and occasional interaction with co-workers. *Id.* The ALJ concluded, based upon the RFC and the Vocational Expert's ("VE") testimony, Plaintiff could work as a linen room attendant, retail ticket stubber, and order filler. R. at 28.

## III. DISCUSSION

Plaintiff raises issues with the ALJ's analysis of the opinions of two treating medical providers – Dr. McGuire and Dr. Fadare – and the opinion of a non-examining physician – Dr. Burstin. Generally, a treating physician's opinion is given more weight

than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See e.g., Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

### A. Dr. McGuire

The ALJ afforded little weight to the opinion of Dr. McGuire. R. at 25. In January 2012, Dr. McGuire executed a Medical Source Statement – Mental wherein she opined Plaintiff had moderate limitations in understanding and memory, marked and moderate limitations in sustaining concentration and persistence, marked limitation in maintaining regular attendance and being punctual, marked limitation in the ability to complete a normal workday, and moderate limitations in social interactions. R. at 565-66.

In affording little weight to Dr. McGuire's opinion, the ALJ determined "the marked limitations [set by Dr. McGuire] are inconsistent with the claimant's daily activities discussed above, including, but not limited to, her caring for her son and her past care for her grandfather, all of which demonstrate a mental capacity greater than that opined by Dr. McGuire." *Id.* The ALJ further concluded Dr. McGuire's opinion was inconsistent with her treatment records, which reported normal mental status examinations and stable symptoms when Plaintiff was compliant with medication. *Id.* The ALJ also found there was "no indication from [Dr. McGuire's] treatment records that the claimant i[s] unable to maintain regular attendance or complete a normal workweek when complaint with her medication." *Id.* The ALJ noted one of Plaintiff's previous employers reported she had no problems with attendance or tardiness, which was inconsistent with Dr. McGuire's opinion that Plaintiff would be unable to maintain regular attendance and punctuality. R. at 25, 412.

The Court reviewed the record and finds substantial evidence (including but not limited to Plaintiff's testimony, Dr. McGuire's treatment notes, and Plaintiff's former employer's report) supports the ALJ's decision to discount the opinion of Dr. McGuire. *See* R. 84-85, 89-99, 128-31, 412, 425-26, 606-07, 609-10, 1035-36, 1043-44. Dr.

3

McGuire's treatment notes alone do not support her opinion that Plaintiff is markedly or moderately limited in certain functioning areas. Instead, Dr. McGuire's treatment notes reflect an individual with less severe restrictions and limitations. *See* R. 425-26, 606-07, 609-10, 1035-36, 1043-44. Thus, the Court affirms Defendant's decision in this respect.

### B. Dr. Fadare

The ALJ gave little weight to the opinion of Dr. Fadare. R. at 26. In December 2013, Dr. Fadare executed a Medical Source Statement – Mental wherein he opined, among other things, Plaintiff was extremely limited in her ability to complete a normal workday and her ability to respond appropriately to changes in the work setting. R. at 728. Dr. Fadare also concluded Plaintiff had marked limitations with regard to the ability to understand and remember detailed instructions, maintain attention and concentration for extended periods of time, perform activities within a schedule (including regular attendance and being punctual), sustain an ordinary routine without supervision, work in coordination or proximity to others without being distracted, accept instructions and respond appropriately to criticism, get along with others, and maintain socially appropriate behavior. R. at 727-28.

In affording little weight to Dr. Fadare's opinion, the ALJ found the opinion was "inconsistent with the claimant's activities of daily living as well as [Dr. Fadare's] treatment records." R. at 26. The ALJ also noted Plaintiff "showed significant improvement when she was compliant with her medications." *Id.* Plaintiff argues the ALJ should not have discounted Dr. Fadare's opinion because his opinion is supported by Plaintiff's daily activities and Dr. Fadare's treatment notes. Doc. #7, at 17-22.

The Court reviewed the record and finds substantial evidence (including but not limited to Plaintiff's testimony and Dr. Fadare's treatment notes) supports the ALJ's decision to discount the opinion of Dr. Fadare. *See* R. 84-85, 89-99, 128-31, 727-28, 927-32, 943-47, 968-72, 983-87, 990-94, 1000-04, 1009-13. Even if the Court were to look only at Dr. Fadare's treatment notes, those treatment notes do not support his opinion that Plaintiff has marked or even moderate limitations in several functioning areas as he opined in his Medical Source Statement – Mental. Rather, his notes establish Plaintiff has some limitations in functioning. R. at 927-32, 943-47, 968-72,

983-87, 990-94, 1000-04, 1009-13.  Accordingly, the Court affirms Defendant's decision in this respect.

### C.  Dr. Burstin

Dr. Burstin, a state-agency psychologist, completed a psychiatric review technique and mental residual functional capacity assessment in May 2011.  R. at 25, 549-63.  Dr. Burstin opined Plaintiff had the residual functional capacity to "acquire and retain complex instructions, interact frequently with the public, and no close interaction with others."  R. at 25.  The ALJ, however, gave only "partial weight" to Dr. Burstin's opinion "because based upon the claimant's testimony and the fact that she received treatment from a psychiatrist, I have given the claimant the benefit of the doubt and limited her to simple, routine, and [re]petitive tasks instead of complex tasks."  *Id.*  Plaintiff argues Dr. Burstin's opinion pre-dated evidence indicating further limitations than he assessed, and the ALJ cannot rely on Dr. Burstin's opinion when assessing the RFC.  Doc. #7, at 23.

Upon review of the record, the Court finds substantial evidence supports the ALJ's decision to afford partial weight to the opinion of Dr. Burstin's opinion.  The Court further finds the ALJ's RFC is not supported solely by Dr. Burstin's opinion but is supported by substantial evidence on the record as a whole, including Plaintiff's testimony, statements made by Plaintiff to staff at Family Guidance Center, an employer questionnaire, treatment records, mental status examinations, and medical evidence.  R. at 18-27.  For these reasons, the Court affirms Defendant's decision in this respect.

### IV.  CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision.  Defendant's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 21, 2016                    UNITED STATES DISTRICT COURT